UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGELIO C., JR. ) | |
| ) | |
| Plaintiff, ) | No. 22-cv-4077 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| KILILO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rogelio C., Jr.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (dkt. 12) is GRANTED and the Commissioner's motion for summary judgment (dkt. 13) is DENIED; the Court hereby remands this matter for further proceedings.

**1.    Procedural History**

Plaintiff filed applications for both Disability Insurance Benefits and Supplemental Security Income on April 16, 2020, alleging a disability onset date of February 6, 2017. (Administrative Record ("R.") 17.) Plaintiff later amended his alleged disability onset date to March 31, 2018. (R. 19.) Plaintiff's claims were denied initially and upon reconsideration. *Id.* On December 7, 2021, after an administrative hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision. (R. 17-31.) Plaintiff requested Appeals Council review, which was denied on May 31, 2022 (R. 1-6), causing the ALJ's decision to constitute the final decision of the Commissioner. 42 U.S.C. § 405(g);

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2]    Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security (dkt. 12), which the Court construes as a motion for summary judgment.

*see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff then filed the instant action seeking review of the Commissioner's decision.

**2. The ALJ's Decision**

On December 7, 2021, the ALJ issued a written decision denying Plaintiff disability benefits. (R. 17-31.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of March 31, 2018. (R. 19.) At Step Two, the ALJ found that Plaintiff had the severe impairments of chronic obstructive pulmonary disease ("COPD"), bilateral carpal tunnel syndrome, diabetes mellitus, polyneuropathy, hypertension, obstructive sleep apnea, obesity, asthma, depression, and anxiety. (R. 20.) The ALJ also determined that Plaintiff's peptic ulcer was a nonsevere impairment. *Id.* At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (*Id.*)

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: no climbing of ladders, ropes, or scaffolds but occasional climbing of ramps and stairs; occasional stooping, kneeling, crouching, and crawling; frequent handling and fingering bilaterally, and frequently use foot controls bilaterally; no concentrated exposure to extreme cold or heat (outside 32° to 80° Fahrenheit); no concentrated exposure to vibration, humidity, wetness, and fumes, odors, dusts, gases, and poor ventilation; no exposure to hazardous machinery and unprotected heights; occasional interaction with the public, supervisors, and coworkers; and simple and routine tasks with no fast-paced production requirements. (R. 23.)

At Step Four, the ALJ determined that Plaintiff was not capable of performing any of his past relevant work. (R. 29.) At Step Five, however, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. (R. 30-31.) Because of these

determinations, the ALJ found Plaintiff not disabled under the Act. (R. 31.)

**3.     Social Security Regulations and Standard of Review**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

**4.     Discussion**

In the instant matter, the ALJ found that Plaintiff had the severe impairments of obesity, COPD, asthma, and obstructive sleep apnea, among other impairments. (R. 20.) Plaintiff alleges, *inter alia*, that the ALJ's RFC assessment improperly accounted for Plaintiff's severe obesity, particularly in light of his COPD, asthma, and obstructive sleep apnea. Plaintiff also alleges the ALJ failed to assess his significant problems with urination. The Court agrees and remands on these bases.

**4.1    Plaintiff's Urinary Issues**

Plaintiff complains that the ALJ failed to properly analyze his significant urination issues. The Court agrees this is cause for remand.

It is not as if the ALJ's decision is devoid of all mention of Plaintiff's urination issues: the ALJ mentions both that Plaintiff's "sleep is frequently interrupted, and he has to go to the bathroom constantly due to his medication" and that Plaintiff testified he was let go from several part-time jobs because, among other things, "he was constantly going to the bathroom." (R. 24.) However, these brief mentions are not analysis; they provide no logical bridge to enable the Court to determine what impact the ALJ thought Plaintiff's urination issues had on his ability to work. *Steele*, 290 F.3d at 941. In *Sikorski v. Berryhill*, the Seventh Circuit has held it an error where an ALJ fails to make a finding regarding the required length or frequency of bathroom breaks in cases where that may affect a claimant's ability to maintain full time work. 690 Fed. App'x 429, 433 (7th Cir. 2017); *see, also, Mark J. v. Saul*, 2020 WL 374676, at *7 (N.D. Ill. Jan. 23, 2020) ("ALJ must determine how long a person suffering from a bowel disorder needs for breaks and whether an employer could tolerate such work interruptions"). Crucially, the ALJ mentioned that Plaintiff self-reported being let go from several part-time jobs due in large part to the number of bathroom breaks he needed to take. (R. 24 (citing R. 56).) In light of this fact alone, the Court is hard-pressed to determine why the ALJ then failed to analyze Plaintiff's urination issues.

While Plaintiff's own testimony was evidence enough to establish the limiting effects of his urination issues, *Scott v. Astrue*, 647 F.3d 734, 740-41 (7th Cir. 2011) (plaintiff's testimony constitutes acceptable evidence of impairments), this is not the only evidence of urination issues the ALJ ignored. Specifically, Plaintiff reported urinary frequency and urgency in June 2020 (R. 396); he reported polyuria (frequent urination) in February 2021 (R. 724); in March 2021, he reported urinary incontinence for the prior six months, with a strong sudden urge to urinate with difficulty making it to the bathroom, leakage with movements like coughing or physical work, waking in the middle of the night to urinate, and a feeling of incomplete voiding (R 781-82). SSR 96-8p obligated the ALJ to assess this symptom-related functional limitation and explain whether Plaintiff's need to frequently use the

4

bathroom was supported by the record, which the ALJ did not do. *Manker v. Berryhill*, 2017 WL 6569719, at *4 (N.D. Ill. Dec. 22, 2017) (despite evidence and testimony of bowel problems, "ALJ failed to account for claimant's potential need to take such frequent and unscheduled breaks in formulating the RFC or to further develop claimant's testimony to determine the length of such bathroom breaks.").

In light of the medical evidence of record concerning Plaintiff's urination issues that reportedly led to him losing more than one job, the ALJ's failure to determine the frequency and duration of Plaintiff's required bathroom breaks and the practical workday limitations resulting therefrom (if any) is an error requiring remand. *Manker*, 2017 WL 6569719, at *4. Thus, the Court must remand on the ALJ's failure to properly analyze Plaintiff's urinary problems.

### 4.2 Plaintiff's Obesity

The ALJ found that Plaintiff has severe obesity. (R. 20.) The ALJ also determined Plaintiff has severe COPD, severe asthma, severe obstructive sleep apnea, and severe anxiety, *inter alia*. (*Id.*) The ALJ then determined that Plaintiff was able to do light work with several accommodations (listed in Section 2, *supra*). (R. 23.) While the ALJ wrote that COPD and asthma warranted limiting Plaintiff to avoiding concentrated exposure to extreme cold and heat as well as other respiratory irritants (R. 27), the ALJ was silent on how the RFC accounted for Plaintiff's severe obesity, which the ALJ determined was a severe ailment in and of itself.

"A severe impairment is one that significantly limits an individual's ability to perform basic work activities." *Million v. Astrue*, 260 F. App'x 918, 922 (7th Cir. 2008); *see also*, 20 C.F.R. § 404.1520(c); SSR 16-3P. "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Desiree B. v. Saul*, 2019 WL 6130814, at *3 (N.D. Ill. Nov. 19, 2019) (collecting cases). As to accommodations for severe impairments within the RFC, the RFC

5

assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts." SSR 96-8p; *accord Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("contrary to SSR 96-8p, however, the ALJ did not explain how he arrived at these conclusions; this omission in itself is sufficient to warrant reversal of the ALJ's decision."). The ALJ failed to discuss how he accommodated Plaintiff's severe obesity within the RFC, despite the fact he determined it significantly limited Plaintiff's ability to perform basic work activities.

Nor did the ALJ address the impact of Plaintiff's obesity on his respiratory impairments, including severe COPD, sleep apnea, and asthma. *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (ALJ must evaluate combined impact of impairments); *see, also*, SSR 19-2p (detailing how ALJs should evaluate obesity and discussing interplay of obesity with respiratory ailments). The ALJ did not explain why Plaintiff's obesity did not aggravate his three severe respiratory impairments; while the above-mentioned respiratory limitations accounted for COPD and asthma, they did not account for Plaintiff's obesity.[3] The evidence reflected Plaintiff experienced ongoing shortness of breath, even when walking to the kitchen or exerting himself. (R. 396, 463, 483, 545, 948, 960, 966.) He reported shortness of breath constantly throughout the day, worse with anxiety, and he experienced heaviness in the chest which led to intermittent dry cough and wheezing three-to-four times daily. (R. 396.) His shortness of breath was associated with anxiety. (R. 396, 463.) Notably, it was "pretty evident" to the psychological consultative examiner that Plaintiff was having some difficulty with respiratory discomfort; he was anxious and had difficulty breathing on exertion. (R. 545.) This evidence demonstrates to the Court that Plaintiff's impairments, in combination, caused substantial limitation: the interplay between his respiratory issues and anxiety, coupled with his obesity, caused Plaintiff shortness of breath upon even mild exertion. It was error for the ALJ to have failed to discuss this

---

[3] The Court is not persuaded by Defendant's argument that because "the ALJ acknowledged that plaintiff reported that he was tired all the time during the day and took 15-minute naps throughout the day, and that he did not like using his CPAP machine" (dkt. 14, p. 11), he properly evaluated Plaintiff's obesity in combination with his respiratory impairments.

6

evidence of the impact of Plaintiff's severe obesity on his severe respiratory ailments. *Martinez v. Astrue*, 630 F.3d 693, 697-98 (7th Cir. 2011) ("[e]ven if each problem assessed separately were less serious than the evidence indicates, the combination of them might well be totally disabling"). The Court must also remand on the ALJ's inadequate consideration of Plaintiff's obesity.

**5. Conclusion**

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment (dkt. 12) is GRANTED and the Commissioner's motion for summary judgment (dkt. 13) is DENIED.

Entered: February 6, 2023

Susan E. Cox,
United States Magistrate Judge